UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE PANNELL, Individually and on
Behalf of All Other Persons Similarly Situated,

                                   Plaintiffs,

                    -against                          Civil Action No. 07-3503

DR. JAY'S INC.,

                                   Defendant.

## CLASS ACTION SETTLEMENT AGREEMENT

THIS CLASS ACTION SETTLEMENT AGREEMENT ("*Settlement Agreement*") is entered into by and among *Named Plaintiff* (as defined below) in the above-captioned action, for himself and on behalf of the *Settlement Class* (as defined below), and the *Defendant* (as defined below), in consideration of the promises, covenants and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

Without any admission or concession on the part of the *Named Plaintiff* of any lack of merit of the action whatsoever, and without any admission or concession on the part of *Defendant* as to the merit of the action, it is hereby STIPULATED AND AGREED, by and among the *Parties* (as defined below) to this *Settlement Agreement*, through their respective attorneys, subject to approval of the Court pursuant to the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the *Parties* hereto from the *Settlement Agreement*, that all *Released Claims* (as defined below) as against the *Released Parties* (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

1.  Definitions

As used in this *Settlement Agreement*, italicized and capitalized terms and phrases not otherwise defined have the meanings provided below:

1.1    "*Action*" shall mean: <u>Dwayne Pannell v. Dr. Jay's Inc.</u>, No. 07-3503 (S.D.N.Y.), and any and all cases now or hereafter consolidated therewith.

1.2    "*Agreement Execution Date*" shall mean: the date on which this *Settlement Agreement* is fully executed, as provided in Section 11.12, below.

1.3    "Class Member" shall mean any individual employed by Defendant at any time between January 1, 2004 and March 31, 2006 as a Security Guard and who did not opt-in to this Litigation pursuant to 29 U.S.C. §216(b).  The parties have exchanged a list of all Class Members, which, in order to preserve the confidentiality of certain personal information, they are not filing with the Court.

1.4    "Class Fund" shall mean the sum of all the Individual Settlement Benefits.

1.5    "*Co-Lead Counsel*" or "*Class Counsel*" shall mean: Justin Zeller, Esq., The Law Office of Justin A. Zeller. P.C., 251 West 14 Street, 5th Floor, New York, New York 10011 and Jeffrey M. Gottlieb of Berger & Gottlieb, 150 East 18th Street, Suite PHR, New York, New York 10003

1.6    "*Company*" or "Dr. Jay's" shall mean: Dr. Jay's Inc.

1.7    "*Complaint*" shall mean: the Complaint, filed May 2, 2007

1.8    "*Court*" shall mean: the United States District Court for the Southern District of New York.

1.9    "*Defendant*" shall mean the following persons and/or entities: Dr. Jay's Inc.

1.10    "Defendants' Counsel" shall mean Diane Windholz, Esq., of Jackson Lewis, LLP, 59 Maiden Lane, New York, New York 10038.

1.11    "*Effective Date of Settlement*" shall mean that date which is ten (10) business days after the *Judgment* becomes *Final*.

1.12    "*Fairness Hearing*" shall have the meaning set forth in Section 2.2.3.

1.13    "*Final*" shall mean:  with respect to any judicial ruling or order, that the period for any appeals, petitions, motions for reconsideration, rehearing, or *certiorari* or any other proceedings for review ("*Review Proceeding*") has expired without the initiation of a *Review Proceeding*, or, if a *Review Proceeding* has been timely initiated, that there has occurred a full and final disposition of any such *Review Proceeding* without a reversal or any material modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand.

1.14    *Individual Settlement Benefit.*  Each Plaintiff's and Class Member's Individual Settlement Benefit is listed on a confidential document that the parties have exchanged but, in order to preserve the confidentiality of certain personal information, are not filing with the Court.  The amounts are based on hourly wage rates and hours believed to have been worked as well as a service payment for the time, effort, risk and expense incurred by the Named Plaintiff.

1.15    "*Judgment*" shall have the meaning set forth in Section 2.3. A proposed form of the *Judgment* is attached hereto as Exhibit 2.

1.16    "*Named Plaintiff*" shall mean: Dwayne Pannell.

1.17    "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Class, the time period for objections and the date for the Fairness Hearing. A copy of the proposed Order Granting Preliminary Approval is attached hereto as Exhibit 1.

1.18    *"Parties"* shall mean: the *Plaintiff* and the *Defendant*.

1.19    *"Person"* shall mean: an individual, partnership, corporation, governmental entity or any other form of entity or organization.

1.20    *"Plaintiffs"* shall mean: *Named Plaintiff* and all other members of the *Settlement Class*.

1.21    "Qualified Class Member" shall mean any 1) Named Plaintiff; 2) individuals who filed a Consent to Sue in this action following Court issued notice; or, 3) Class Member.

1.22    *"Recovery Period"* shall mean the period from January 1, 2004 and March 31, 2006.

1.23    *"Settlement Amount"* shall mean the sum of all the "Individual Settlement Benefits" (the Class Fund) totaling Sixty Nine Thousand One Hundred Seventy One Dollars and Twenty Six Cents and Plaintiffs' attorney's fees, costs and expenses in the amount of Twenty Four Thousand Eight Hundred Twenty Eight Dollars and Seventy Four Cents.

1.24    "*Unclaimed Funds*" shall mean any part of the Settlement Amount remaining after all disbursements for Class Counsel's fees and costs, Service Payment or enhancements to Plaintiffs, and payments to Qualified Class Members and Plaintiffs have been made in accordance with the terms of this Agreement.

2.    Necessary Conditions for Final Settlement

This *Settlement* shall be *Final* upon satisfaction or waiver of each of the conditions set forth in Sections 2.1 through 2.3.

2.1  Class Certification Solely for Purposes of Settlement

2.1.1   The *Parties* have agreed that the *Action* should be certified as a class action as defined in the Federal Rules of Civil Procedure for settlement purposes only and for no other purpose than as set forth in and to effectuate this *Settlement Agreement*, and the *Defendant* will not object to a motion by *Plaintiffs* seeking such certification on the terms set forth in this *Settlement Agreement*. The *Parties* further agree that if the *Court* does not enter the *Judgment*, then no *Settlement Class* will be deemed to have been certified by or as a result of this *Settlement Agreement*, and the *Action* will for all purposes with respect to the *Parties* revert to its status as of September 28, 2007. In such event, the *Defendant* will not be deemed to have consented to the certification of any class, the agreements and stipulations in this *Settlement Agreement* concerning class definition or class certification shall not be used as evidence or argument to support class certification or class definition, and the *Defendant* will retain all rights to oppose class certification.

2.1.2   The *Court* shall certify this *Action* as a class action for settlement purposes only pursuant to Rule 23(a)(1)-(4), 23(b)(1) and/or (2), and 23(e) of the Federal Rules of Civil

Procedure, and 29 U.S.C. § 216(b) of the Fair Labor Standards Act, with *Named Plaintiff* as the named Class Representatives, with *Co-Lead Counsel* as counsel for the *Plaintiffs*, and with a *"Settlement Class"* defined as set forth in Section 1.26 above as a non-opt-out class.

    2.2    Court Approval. The *Settlement* shall be approved by the *Court*, as provided for in this Section 2.2. *Plaintiffs* shall move the *Court* for entry of an order and judgment approving this *Settlement Agreement* and the *Settlement* contemplated hereunder substantially in the form of the *Judgment* attached as Exhibit 2 hereto. The *Defendant* will not oppose such a motion, and the *Parties* shall cooperate in good faith, including by taking all steps and efforts contemplated by this *Settlement Agreement* and any other steps or efforts which may become necessary by order of the *Court* (unless such order materially modifies the terms of this *Settlement Agreement*), to carry out this *Settlement Agreement*, including the following:

    2.2.1    Motion for Preliminary Approval of Settlement and of Notice. As soon as reasonably possible upon the full execution of this *Settlement Agreement* by the *Parties*, *Plaintiffs* will file a Preliminary Approval Motion with the *Court* for an order substantially in the form annexed hereto as Exhibit 3, including the exhibit thereto (the *"Preliminary Approval Order"*).

    2.2.2    Issuance of Class Notice. On the date and in the manner set by the *Court* in its *Preliminary Approval Order*, the *Plaintiffs* shall cause the *Class Notice* to be transmitted in the form and manner approved by the *Court* as directed in the *Preliminary Approval Order*.

    2.2.3    The Fairness Hearing. On or after the date set by the *Court* for the hearing (the *"Fairness Hearing"*) the *Court* will determine whether to enter judgment finally approving the *Settlement* (which judgment is referred to herein as the *"Judgment"*).

6

2.3    Finality of *Judgment*. The *Court* shall enter the *Judgment* substantially in the form attached as Exhibit 2 hereto, as more fully discussed in Section 2.2, and the *Judgment* shall become *Final*.

3.    Releases and Covenant Not to Sue.

3.1    Releases of the Released Parties.  Subject to Section 8 herein, effective upon the entry of the *Judgment* by the *Court, Named Plaintiff* on behalf of himself and on behalf of the *Settlement Class* absolutely and unconditionally release and forever discharge the *Released Parties* from *Released Claims* that *Plaintiffs*, directly, indirectly, derivatively, or in any other capacity ever had, now have or hereafter may have, except that the release under this Section 3.1 shall not include claims relating to the covenants or obligations set forth in this *Settlement Agreement.*    Also effective upon entry of the *Judgment* by the *Court, Plaintiffs* shall be permanently and finally enjoined without the necessity of posting a bond from commencing or prosecuting any actions or other proceedings asserting any of the *Released Claims* either directly, indirectly, derivatively, or in any other capacity, against any of the *Released Parties.*

3.2    Released Claims. Effective as of the Effective Date, Plaintiff and any and all Class Members and his or their heirs, executors, administrators, fiduciaries, successors and/or assigns (collectively, the "Releasing Parties"), knowingly and voluntarily release and forever give up, to the full extent permitted by law, Defendant Dr. Jay's and Defendant's respective past, present and future direct or indirect parent organizations, subsidiaries, divisions, affiliated entities, and its and their partners, officers, directors, trustees, administrators, fiduciaries, employment benefit plans and/or pension plans or funds, executors, attorneys, employees, insurers, reinsurers and/or agents and their successors and assigns individually and in their

7

official capacities (collectively referred to herein as "Released Parties"), jointly and severally, of and from all claims, known or unknown, that Plaintiff and each Class Member has or may have against Released Parties as of the date of the Effective Date, related in any way to the payment of or alleged failure to pay wages including, but not limited to, any alleged violation of the Fair Labor Standards Act, the New York Labor Law, or any other federal, state or local regulation or ordinance regarding the payment of wages or alleged failure to pay wages, including, but not limited to, overtime compensation, or any related claim for costs, fees, or other expenses including attorneys' fees. Such release shall be effective as of the date of the Effective Date. With the entry of the Final Order, all claims asserted against any of the Released Parties by any of the Releasing Parties in the Complaint shall be dismissed with prejudice and on the merits, without costs to any party except as set forth in this Stipulation. As of the date of the Effective Date, Plaintiff and all members of the Class will be forever barred and enjoined from prosecuting directly, indirectly, representatively or derivatively, or from assisting in prosecuting, any of the Released Claims against the Released Parties, or any of them, in any court of law or equity, arbitration tribunal or administrative forum.

4.    Covenants.

The *Parties* covenant and agree as follows:

4.1    Taxation of *Class Settlement Amount*. *Plaintiffs* acknowledge that the *Released Parties* have no responsibility for any taxes due on funds distributed pursuant to *Settlement Agreement* or that the *Plaintiffs* or *Appointed Counsel* receive from the *Class Settlement Amount*. *Plaintiffs* further acknowledge that any such tax payments, and any professional, administrative

or other expenses associated with such tax payments, shall be paid by *Plaintiffs*. Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

4.2     Cooperation.  The *Company* shall cooperate with *Co-Lead Counsel* by providing, at its expense, in electronic format suitable for generating mailing labels (or, in the alternative, by providing mailing labels), the names and present or last known addresses of *Persons* to whom the *Class Notice* is to be sent pursuant to the *Preliminary Approval Order*.  *Plaintiffs* will use any information provided by the *Company* pursuant to the preceding sentence solely for the purposes of providing notice and communicating with members of the Settlement Class regarding this action, and for no other purpose.  The *Parties* shall reasonably cooperate with each other to effectuate this *Settlement*, and shall not do anything or take any position inconsistent with obtaining a prompt approval of the *Settlement* unless expressly permitted by this *Settlement Agreement*.

4.3     Covenant Not to Sue.  Subject to Section 8 herein, *Named Plaintiff* covenants and agrees on his own behalf, and on behalf of the *Settlement Class,* both with respect to any representative or derivative capacity of each of the foregoing and in the individual capacity of each of the foregoing: (i) not to file against any *Released Party* any *Released Claim*; and (ii) that the foregoing covenants and agreements shall be a complete defense to any such *Released Claims* against any of the respective *Released Parties*.

5.     Representation and Warranties.

5.1     *Parties'* Representations and Warranties.  The *Parties* and each of them, represent and warrant as follows, and each *Party* acknowledges that each other *Party* is relying on these representations and warranties in entering into this *Settlement Agreement:*

5.1.1    The *Parties* are voluntarily entering into this *Settlement Agreement* as a result of arm's-length negotiations among their counsel. In executing this *Settlement Agreement* they are relying solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof. Except as provided herein, they have not been influenced to any extent whatsoever in executing this *Settlement Agreement* by any representation, statements, or omissions pertaining to any of the foregoing matters by any *Party* or by any *Person* representing any *Party* to this *Settlement Agreement*. Each *Party* assumes the risk of mistake as to the facts or law.

5.1.2    The *Parties* have carefully read the contents of this *Settlement Agreement*, and this *Settlement Agreement* is signed freely by each *Person* executing this *Settlement Agreement* on behalf of each of the *Parties*. The *Parties*, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Settlement Agreement*, and all of the matters pertaining thereto, as he, she, or it deems necessary.

5.1.3    The *Defendant* has not taken any position with regard to whether this *Action* can, could, or should be certified as a class action as defined in the Federal Rules of Civil Procedure if that question were fully litigated before the *Court*. The *Plaintiffs* would not be prejudiced if (i) this *Settlement* were not approved or such approval were reversed on appeal and (ii) the *Defendant* was later to object to the certification of any proposed class in this action. In the event that this *Settlement Agreement* does not become *Final*, the *Plaintiffs* will not assert that

the *Defendant* is equitably or judicially estopped from contesting the certification of any class in this *Action*.

     5.2     Signatories' Representations and Warranties.    Each *Person* executing this *Settlement Agreement* on behalf of any other *Person* does hereby personally represent and warrant to the other *Parties* that he or she has the authority to execute this *Settlement Agreement* on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

6.     No Admission of Liability.

     The *Parties* understand and agree that this *Settlement Agreement* embodies a compromise settlement of disputed claims, and that nothing in this *Settlement Agreement*, including the furnishing of consideration for this *Settlement Agreement*, shall be deemed to constitute any finding of wrongdoing by the *Defendant*, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding. This *Settlement Agreement* and the payments made hereunder are made in compromise of disputed claims and are not an admission of any liability of any kind, whether legal or factual. The *Defendant* states that they are entering into this *Settlement Agreement* to eliminate the risk, burden, delay, and expense of further litigation. Neither the fact nor the terms of this *Settlement Agreement* shall be used or offered or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this *Settlement Agreement* or arising out of or relating to the *Judgment*.

7.    The *Settlement* Payments and Account Adjustments.

On the *Effective Date of Settlement*, *Defendant* shall take any and all steps necessary to effectuate the following:

7.1    In full and final settlement of the Class Claims in this litigation, Defendant agrees to pay the sum of Ninety Four Thousand One Hundred Seventy One Dollars and Twenty Six Cents ($94,171.26) (the "Settlement Fund") in accordance with the terms of this paragraph. It is understood and agreed that Defendant's maximum total liability under this Settlement shall not exceed the gross sum of Ninety Four Thousand One Hundred Seventy One Dollars and Twenty Six Cents ($94,171.26).    It is further understood and agreed that Defendant shall have no obligation to pay any person, entity or organization the difference between the amount of its maximum total liability under this Settlement, as set forth above, and the total amount of (a) the valid claims filed by the Class; (b) the attorneys' fees approved by the Court; (c) the attorneys' costs approved by the Court; (d) the incentive award to the named Plaintiff; (e) the fees and costs associated with the administration of the Settlement Fund; (f) F.I.C.A., social security or other tax associated with the payments made pursuant to this Settlement; and (g) any other payments provided by this Settlement.

7.2    Within approximately thirty (30) days of the Effective Date of the settlement, Defendant or its administrative agent shall cause the settlement payments to be mailed to the Class Members by certified mail, return receipt requested, with copies of the settlement checks mailed to Class Counsel.

7.3    All checks to Qualified Class Members must be cashed within sixty (60) days of the date of the check. Following the expiration of the sixty (60) day period, checks which have

not been cashed shall become null and void and the monies shall be returned to Defendant. The checks will all bear dates no more than seven business days before they are mailed.

7.4    The Individual Settlement Benefit payments to Qualified Class Members are made solely for the purpose of settling the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation.

7.5    In the event that there is a remaining balance in the Class Fund after all Qualified Class Members who timely applied are paid, any such Unclaimed Funds shall revert to Defendant.

8.    Termination of the *Settlement Agreement.*

8.1    Termination. This *Settlement Agreement* may terminate if (a) the *Court* declines to enter the *Judgment* consistent in all material respects with the terms herein (unless on appeal the Court is reversed and such *Judgment* is thereafter entered) or (b) the *Judgment* entered by the *Court* is reversed or modified in any material respect on appeal and such reversal or material modification becomes *Final.*

8.2    Consequences of Termination of the *Settlement Agreement.*    If the *Settlement Agreement* is terminated, the following shall occur:

8.2.1    The *Action* shall for all purposes with respect to the *Parties* revert to its status as of May 2, 2007. Any and all statutes of limitations, statutes of repose and/or other defenses based upon the passage of time applicable to the *Claims* asserted in this *Action* shall be tolled from May 2, 2007 to the termination of this *Settlement Agreement.*

8.2.2    All provisions of this *Settlement Agreement* shall be null and void except as otherwise provided herein.

9.    Attorneys' Fees and Expenses.

9.1    Pursuant to the common fund doctrine and/or any applicable statutory fee provision, *Co-Lead Counsel* may apply to the *Court* for an award to *Co-Lead Counsel* and *Appointed Counsel*, of attorneys' fees of up to $24,828.74, to be paid by Dr. Jay's. Plaintiffs also may apply to the *Court* for an award to the *Named Plaintiff* of up to $2,000 for his services as class representatives, and Dr. Jay's shall pay all such amounts awarded by the *Court*. *Defendant* agrees that it will not object to such applications.

9.2    On the *Effective Date of Settlement*, Dr. Jay's shall make all payments of attorneys' fees, costs, and expenses and awards to *Named Plaintiff* awarded by the *Court*.

10.    Continuing Jurisdiction.

10.1    Without in any way affecting the finality of the *Judgment*, the *Court* will retain jurisdiction for purposes of interpreting, implementing, and enforcing this *Settlement Agreement* and the *Judgment*.

11.    Miscellaneous Provisions.

11.1    Governing Law. This *Settlement Agreement* shall be governed by the laws of the State of New York, including any applicable limitations on actions, without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.2    Amendment. Before entry of the *Judgment*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties*. Following entry of the *Judgment*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties* and approved by the *Court*.

11.3    Waiver. The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving party. The wavier by any party of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement*.

11.4    Construction. None of the *Parties* hereto shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.5    Principles of Interpretation. The following principles of interpretation apply to this *Settlement Agreement*:

11.5.1    Headings. The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement*.

11.5.2    Singular and Plural. Definitions apply to the singular and plural forms of each term defined.

11.5.3    Gender. Definitions apply to the masculine, feminine, and neuter genders of each term defined.

11.5.4    References to a *Person*. References to a *Person* are also the *Person*'s permitted successors and assigns.

11.5.5    Terms of Inclusion. Whenever the words "include," "includes," or "including" are used in this *Settlement Agreement*, they shall not be limited but rather shall be deemed to be followed by the words "without limitation."

11.6    Further Assurances.  Each of the *Parties* agrees, without further consideration, and as part of finalizing the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

11.7    Survival.    All representations, warranties and covenants set forth in this *Settlement Agreement* shall be deemed continuing and shall survive the termination or expiration of this *Settlement Agreement*.

11.8    Notices.    Any notice, demand, or other communication under this *Settlement Agreement* (other than the *Class Notice*, or other notice given at the direction of the *Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), sent by confirmed facsimile, or delivered by reputable express overnight courier:

IF TO *NAMED PLAINTIFFS*:

Justin A. Zeller, Esq.
The Law Office of Justin A. Zeller, P.C.
251 West 14 Street
5th Floor
New York, New York 10011
(212) 229-2249

IF TO *DEFENDANT*:

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
Tel:  (212) 545-4000

Any *Party* may change the address at which it is to receive notice by written notice delivered to the other *Parties* in the manner described above.

11.9    Entire Agreement.    This *Settlement Agreement* contains the entire agreement among the *Parties* relating to this *Settlement*. It specifically supersedes any settlement terms or settlement agreements relating to the *Claims* that were previously agreed upon orally or in writing by any of the *Parties*.

11.10    Counterparts.    This *Settlement Agreement* may be executed by exchange of faxed executed signature pages, and any signature transmitted by facsimile for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for the purposes of this *Settlement Agreement*. This *Settlement Agreement* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.11    Binding Effect.    This *Settlement Agreement* binds and inures to the benefit of the *Parties* hereto, their assigns, heirs, administrators, executors, and successors.    Each attorney executing this Settlement Agreement warrants and represents that he or she has authority to execute it on behalf of his or her client(s).

11.12    Agreement Execution Date.    The date on which the final signature is affixed below shall be the *Agreement Execution Date*.

11.13    Communications Regarding *Settlement* and this *Action*.    *Co-Lead Counsel* and counsel for *Defendant* shall agree on the language of any press release announcing the *Settlement* (an "*Announcement Press Release*"). Any of the *Parties* may distribute an *Announcement Press Release* to whomever it chooses after the *Court*'s entry of the *Preliminary Approval Order*. Prior

17

to the *Court*'s entry of the *Preliminary Approval Order*, to the extent any non-party inquiries about the *Settlement*, all *Parties* and their counsel shall not respond to such inquiry, except that Dr. Jay's may (a) notify its auditors and legal advisors about this *Settlement* and share this *Settlement* with them and (b) to the extent required by law, Dr. Jay's may disclose the existence and terms of this *Settlement*. *Plaintiffs* and *Co-Lead Counsel* shall provide such communications to members of the *Settlement Class* as may be necessary to advise *Settlement Class* members regarding the terms and legal effects of the *Settlement*, aside from such communication or any communications necessary to effectuate notice to the *Settlement Class* members of the terms and extent of the *Settlement*, *Plaintiffs* shall make no public statements concerning the *Settlement* prior to the *Court*'s entry of the *Preliminary Approval Order*.

IN WITNESS WHEREOF, the *Parties* have executed this *Settlement Agreement* on the dates set forth below.

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14 Street
5th Floor
New York, New York 10011
(212) 229-2249

By: _____
JUSTIN A. ZELLER (JZ 7094)
11/12/07

BERGER & GOTTLIEB
150 East 18th Street
Suite PHR
New York, New York 10003
(212) 228-9795

By: _____
JEFFREY M. GOTTLIEB (JG 7905)

18

*Co-Lead Counsel for the Plaintiffs*

JACKSON LEWIS LLP
    59 Maiden Lane
    New York, New York 10038
    (212) 545-4028

By: _____
     DIANE WINDHOLZ (DW 9806)

Counsel for the Defendant

*H:\WINDHOLD\Dr. Jays\Legal\SETTLEMENT AGREEMENT.doc*