UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE PANNELL, Individually and on Behalf of All Other Persons Similarly Situated,

                        Plaintiffs,

      -against-

DR. JAY'S INC.,

                        Defendant.

Civil Action No. 07-3503

## NOTICE OF PROPOSED SETTLEMENT

TO:     All current or former Security Guards of Dr. Jay's who were either (1) employed in New York from January 1, 2004 through March 31, 2006; or (2) who joined this case by filing a Consent to Sue form.

**This notice informs you of the terms of the proposed settlement, your legal rights in the case, and what you must do if you want to exercise your rights.**

This form tells you how to:
1. Receive the offer amount specified in Section 5(a) below, if the settlement is approved by the Court;
2. How to object to the settlement if you wish to do so;
3. How to remove yourself ("Opt Out") from this case.

{If applicable}
4. How to file a Contest Form, if you wish to forego the settlement amount offered and instead to challenge the hours of work and/or the number of weeks in which you worked overtime before U.S. District Judge Richard M. Berman.

1.      **Purpose of this Notice.**

If you are or were employed by Dr. Jay's as a Security Guard at any time from January 1, 2004 through March 31, 2006 (the "Recovery Period") in New York, please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

This Notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations. This Notice should not be understood as an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

2.      **Description of the Lawsuit.**

In May 2007, Dwayne Pannell brought this lawsuit ("the Lawsuit") against Dr. Jay's (also referred to herein as the "Defendant") on behalf of himself and all other persons similarly situated. Specifically, Plaintiff alleged that he was owed overtime pay at the rate of one and one-half times their regular wage rate under both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for work he performed in excess of forty (40) hours per workweek. The Named Plaintiff, for himself, and for all others similarly situated, also sought liquidated damages under the FLSA, together with prejudgment interest and attorneys' fees and costs.

Defendant has denied and continued to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, and without admitting that overtime amounts or any wages were improperly withheld from any employees, Defendant has concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a Settlement Agreement (the "Agreement"). Dr. Jay's has supplied Class Counsel with your name, address, dates of employment, number of weeks worked and rate of pay and has agreed to pay you money because it wants to resolve this matter.

The Lawsuit is presently before Judge Richard M. Berman, United States District Court, Southern District of New York. Judge Berman has not made any decision on the merits. However, on _____, the Court granted preliminary approval of the settlement, subject to a fairness hearing which will take place on _____.

3.      **Class Definitions**

This settlement is for the benefit of the settlement class. The class is defined as persons employed at any time between January 1, 2004 and March 31, 2006 as a Security Guard at Dr. Jay's.

4.     **Class Counsel**

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14 Street
5th Floor
New York, New York 10011
(212) 229-2249

BERGER & GOTTLIEB
150 East 18th Street
 Suite PHR
 New York, New York 10003
(212) 228-9795

5.     **The Proposed Settlement**

This settlement was reached in October 2007, and resulted from extensive and vigorously contested negotiations on the part of Class Counsel and Defendant's counsel, all of whom have substantial experience in litigating class actions involving similar claims. This Lawsuit has been contested, and only after several informal and formal negotiating sessions, meetings, and conferences among counsel for the parties, were the parties able to resolve all the issues and agree upon the settlement, subject to the approval of the Court.

Plaintiff and Defendant have agreed to the settlement summarized in this Notice. The complete terms and conditions of the Proposed Settlement are available from class counsel, if you wish to review them. The parties' obligations under the settlement agreement will not become effective unless and until it receives final court approval, including the exhaustion of any appeals. Each Qualified Class Members' share was calculated on the basis of the number of hours they worked for Dr. Jay's and amount of compensation they received.

The Named Plaintiff, will receive an additional "service payment" based on his participation in bringing and prosecuting this case, bearing risks associated with the litigation such as liability for costs, participation in depositions, and other aspects of discovery, bearing costs for travel during the litigation and similar other expenses.

   a.     *Relief to You*

**IF THE SETTLEMENT IS APPROVED BY THE COURT YOU WILL RECEIVE $*{INSERT CLAIM AMOUNT}*

However, all distributions from the settlement amount to Qualified Class Members may be subject to tax withholding and/or reporting. To the extent possible, payments shall be paid in accordance with normal payroll practices and procedures, and shall reflect all applicable withholdings, including federal income tax withholding, and previously authorized deductions.

3

### b. *Attorneys' Fees and Costs*

Under the settlement, if approved by the Court, Class Counsel will receive attorneys' fees equal to 26% of the Settlement Fund.

### c. *Legal Effect of Judgment*

If you choose not to opt-out of this case, and if this settlement is approved by the Court as fair, a final judgment by the Court, will bind you, your representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. The payments described above shall be in lieu of and discharge any obligations of Defendant arising during or relating to the Recovery Period, while employed by Dr. Jay's, for unpaid wages, attorneys' fees, costs, interest, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of the class. The class members will not be permitted to commence or prosecute, either as a group or individually, any action on behalf of themselves or any other person asserting claims against Defendant for wages and overtime compensation or minimum wages arising during or relating to the Recovery Period under federal or state law that were or could have been asserted in the Lawsuit.

### d. *If Court Does Not Approve the Proposed Settlement*

If the settlement is not approved, the case will proceed as if no settlement has been attempted. In that event, Defendant retains the right to contest whether this case should be maintained as a class action and to contest the merits of the claims being asserted by the Plaintiff in this action. There can be no assurance that if the settlement is not approved the class will recover more than is provided for in the settlement, or indeed, anything.

**6.    Fairness Hearing**

The Court has granted preliminary approval of the proposed settlement, concluding preliminarily that the settlement is fair, adequate, and reasonable; that the proposed distribution of the settlement amount is fair, adequate, and reasonable; and that the proposed incentive awards to the Named Plaintiffs are fair and reasonable.

A hearing will be held to determine whether final approval of the settlement should be granted. At the hearing, the Court will hear objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before Judge Berman on _____, 2007 at ___ a.m., at the United States District Court, 500 Pearl Street, New York, New York 10007-1312.

**YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT.**

**7.     Participation in the Settlement - Your Options as a Class Member**

   *a.     If you wish to receive a distribution from the class fund, YOU DO NOT NEED TO DO ANYTHING.*

   *b.     You have the right to exclude yourself, and only yourself, from both the class action and the settlement.*

If you wish to exclude yourself from the class action and the settlement (that is to "Opt Out" of the case), you must submit the attached request for exclusion, called an "Opt Out Form", to Defendant's counsel at the address below. The Opt Out Form must be sent by registered mail, postmarked no later than _____, and must include your full name, your address, and the case number **(Dwayne Pannell, et al. v. Dr. Jay's Inc., Case No. CV-07-3503 (S.D.N.Y.)**. You must personally sign the Opt Out Form and attach a copy of a photo identification, such as a drivers' license or passport.

If you do not follow these instructions for excluding yourself from the class, you will be bound by the Court's final judgment, which will determine all of your legal rights in connection with the subject matter of this lawsuit, if the settlement is approved.

If you Opt Out of this case, you will NOT share in any of the proceeds of this case and you will not be deemed to have released any claims that you may have against the defendants.

   *c.     If you object to the settlement, but do not want to exclude yourself from the class action, you may submit an objection to the settlement.*

If you object to the fairness, reasonableness, and adequacy of the proposed settlement, you may appear in person or by your own attorney, hired at your own expense, at the fairness hearing and present any evidence or argument that may be proper and relevant. However, you will not be heard at the fairness hearing unless you timely file: (1) an appearance; (2) a written statement of the objections to the settlement; and (3) the grounds for the objections, along with any papers, briefs, pleadings or other documents for the Court's consideration, with the Clerk of Court, United States District Court, 500 Pearl Street, New York, New York 10007-1312. If you object to the settlement, the foregoing items must be <u>received</u> by the Clerk of the Court on or before   {insert date 30 days prior to fairness hearing}. You must also serve copies of the notice and objection by registered mail on each of the attorneys for the Plaintiffs and for the Defendants by the same date, at the addresses listed below.

|  Class Counsel | Defendants' Counsel |
|---|---|
| Justin A. Zeller, Esq. | Diane Windholz, Esq. |
| The Law Office of Justin A. Zeller | Jackson Lewis LLP |
| 251 West 14th Street, 5th Floor | 59 Maiden Lane |
| New York, NY  10011 | New York, NY  10038 |
| Telephone:  (212) 229-2249 | Telephone: (212) 545-4000 |
| Facsimile:   (212) 229-2246 | Facsimile: (212) 972-3213 |

Any objection filed with the Court must include, at a minimum, your name, address, the case number (**Dwayne Pannell, et al. v. Dr. Jay's Inc.**, **Case No. CV-07-3503 (S.D.N.Y.)**), and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the class.

**8.      Right to Examine The Settlement**

The foregoing description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the settlement agreement, you should contact Class Counsel (at the address and phone number set forth above in Paragraph 4). Class Counsel will make a copy of the Settlement Agreement available to you for inspection subject to the parties' Confidentiality Agreement.

**9.      Inquiries**

Any questions you or your attorney have concerning this Notice should be directed in writing to Justin Zeller, Esq. at the address listed above. Please include the case name and number, your name, and your return address.

IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE, OR COUNSEL OF YOUR OWN CHOOSING AND AT YOUR OWN EXPENSE. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THE COURT.** DR. JAY'S EMPHASIZES THAT THERE WILL BE NO RETALIATION AGAINST ANY CLASS MEMBER FOR REMAINING IN THE CLASS AND SIGNING THE VERIFICATION FORM.

**Dated:**
**This Notice is sent to you by Order of the United States District Court for the Southern District of New York.**

H:\WINDHOLD\Dr. Jays\Legal\Notice of Proposed Settlement.doc